[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 1, 1997, a hearing was held in this matter. In response to the defendant's motion to dismiss for lack of subject matter jurisdiction, this court had previously determined that the complaint in this action, which was styled an entry and detainer action brought pursuant to §§ 47a-43 et seq. of the General Statutes, did not state a cause of action in entry and detainer [21 CONN. L. RPTR. 207]. Despite the defendant's objection, the court did not dismiss the action at that time, but continued in effect the ex parte injunction which had been granted in this action, and also established by agreement a timetable which provided for the plaintiff's filing a new action on or before 5:00 p.m. on December 3, 1997, with a responsive pleading by no later than December 5, 1997. Arrangement were made such that the defendant's attorney agreed to accept service, to waive service by a sheriff, and so forth. In effect, the agreement was to maintain the status quo while a new, "clean" action was substituted. A hearing was scheduled for December 11, 1997, in which to consider the plaintiff's motion for contempt and, putatively, his motion for a temporary injunction. The new action would not be an entry and detainer action but rather a more generic claim for injunctive and monetary relief, as the first action did not fit the entry and detainer statute and, in the circumstances, could not satisfy § 47a-43 even if amended.
Rather than file a new complaint, however, the plaintiff chose to move to amend the complaint in this case. This court believes that this proposed action would be inappropriate, as there is authority to the effect that a case which is based solely on a statutory cause of action ordinarily should be dismissed if a cause of action is not stated.[1] See, e.g.,FDIC v. Peabody, 239 Conn. 93, 99-100 (1996).[2] There is a conceptual lack of clarity as to when a motion to strike for failure to state a cause of action on which relief may be granted is appropriate and when a motion to dismiss for lack of subject matter jurisdiction is proper when a cause of action is grounded on a statute. Compare Gurliacci v. Mayer, 218 Conn. 531, 543-45
(1991), with Lampasona v. Jacobs, 209 Conn. 724, 730 (1989). Partly because the entry and detainer procedure as well as substance is dictated by statute, and thus shares a CT Page 12328 jurisdictional kinship with summary process, this court leans toward deciding that an inability to satisfy the requirements of § 47a-43, as in summary process actions, is largely jurisdictional,[3] as it is the satisfaction of statutory conditions that triggers the entirely statutory entry and detainer process. As the only practical difference between the motion to strike and motion to dismiss, in these circumstances, is the ability to amend the complaint; see, e.g., McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527-28 (1991); this court had attempted to reach an accommodation by effecting a speedy way to create a "clean" generic cause of action without creating a gap in the injunctive relief.
In any event, the plaintiff has decided to attempt to amend the old complaint rather than to serve a new complaint not specifically sounding in entry and detainer, despite the agreed upon arrangement under which the plaintiff would have lost nothing. As the plaintiff has not abided by his side of the agreement and as the court has found that the wiser course in the long run is to treat an inability to satisfy the requirements of § 47a-43 as jurisdictional, the objection to request to amend the complaint is sustained and the action is dismissed, without prejudice to the filing of a new action. The hearing scheduled for December 11, 1997, will not be held, as there is no case pending at this time.
BEACH, J.